SULLIVAN v. THE W., ST. L. & P. R. Co.

1. **Railroads:** INJURY TO STOCK: CONFLICT OF EVIDENCE: VERDICT NOT SUSTAINED. If all the evidence can be harmonized by the exercise of reason, and in accord with the probabilities arising from the nature of the case, it is not what the law regards as a conflict of evidence; and where, when so considered, the testimony shows without conflict, that the stock in question was injured upon the highway crossing, the verdict for damages was not sustained by the evidence; and should have been set aside.

*Appeal from Mills Circuit Court.*

FRIDAY, JUNE 9.

ACTION to recover double the value of a mare which plaintiff alleges was killed by a train upon defendant's railroad at a point where defendant had the right to construct fences and where none were built. There was a verdict and a judgment

for plaintiff for twice the value of the mare.    Defendant appeals.

*Young & Garrigues*, for appellant.

*Hale & Stone* and *W. G. Lewis*, for appellee.

BECK, J.—I.    The only disputed question of fact involves the place where the mare was killed.    The defendant insists

1. RAIL-ROADS: injury to stock: conflict of evidence: verdict not sustained.

that without conflict the testimony shows that the accident happened at a highway crossing, while plaintiff insists that there is evidence tending to show that it was within a field where the road was not fenced.    The court directed the jury if they found the accident happened within the field, plaintiff could recover without proof of negligence on the part of defendant, and their verdict should be for twice the value of the mare killed.    A motion to set aside the verdict and for a new trial on the ground that it is in conflict with the evidence was overruled. The motion we think should have been sustained.

II.    The engineer who had charge of the engine drawing the train and two persons living in the neighborhood, who were near by, testify positively that the mare was upon the railway at the highway crossing when she was struck.    All these witnesses saw the collision and the testimony of each is positive and direct.

The plaintiff relies upon the circumstances that blood and marks upon the track were first seen within the field where the mare was found.    This fact it is insisted tends to establish that the mare was struck in the field and not upon the highway crossing.    There is no conflict between the testimony of the witnesses of the respective parties that cannot be readily harmonized.    The mare was found in the field about one hundred feet from the highway.    Marks of blood and other indications of the accident first appeared about thirty-five feet from the crossing.    These points were northwest from the crossing, the direction in which the train was running.    In

order to conclude that there is a conflict in the evidence, it must be admitted that indications of the accident would necessarily appear at the very point of the collision, and that it is not probable that the animal ·was borne thirty-five feet by the engine before leaving such indications. But this would be unreasonable. The direct testimony of the defendant, and the circumstances relied upon by plaintiff, may be all readily reconciled without disregarding any evidence in the case. And this it was the duty of the jury to do. We conclude that there is not in the case what the law regards as a conflict of evidence, namely a difference that cannot be harmonized by the exercise of reason and in accord with probabilities arising from the nature of the case.

Counsel for plaintiff criticise the testimony of one or two of the witnesses who saw the accident, and point out statements which, they think, detract from the force of their testimony. It may be that counsel's strictures are just, but they do not reach all the witnesses who saw the accident, nor the important fact that all unite in stating the accident occurred upon the crossing.

We are warranted in holding, that the evidence without conflict shows the mare was struck upon the highway. The Circuit Court, we think, ought to have sustained defendant's motion for a new trial.

REVERSED.