ADAM J. RENNER *vs*. WILLIAM F. CANFIELD.

November 22, 1886.

**Negligence—Proximate Cause.**—C., while on the highway in proximity to the residence of R., shot and killed the dog of S. The wife of R., who stood near by and saw the shooting, (C., however, did not see her, and was not aware of her presence,) was, owing to her previous delicate state of health, so startled and frightened by the occurrence as to cause serious sickness. *Held* that, even assuming the act to have been a tort, *the mere killing of the dog* was not the proximate cause of the injury to the wife of R.

**Same — Shooting in Neighborhood of Residence.** — If the acts of C. amounted to any tort which, in any view, could be held to be the proximate cause of this injury, the gist of it must have been, not the killing of the dog, but negligence in shooting it in such proximity to the residence of R. as might naturally and reasonably be anticipated liable to injure the inmates.

Appeal by defendant from an order of the district court for Douglas county, *Collins*, J., presiding, refusing a new trial after a verdict for plaintiff for $200.

*H. Jenkins*, for appellant, cited *Phillips* v. *Dickerson*, 85 Ill. 11, and *Brown* v. *Chic., M. & St. P. Ry. Co.*, 54 Wis. 342, (11 N. W. Rep. 356.)

*Clapp, Woodard & Cowie*, for respondent, cited *Brown* v. *Chic. M. & St. P. Ry. Co.*, 54 Wis. 342, (11 N. W. Rep. 356;) *Hill* v. *Win-*

*sor*, 118 Mass. 251; *Lane* v. *Atlantic Works*, 111 Mass. 136; *Wellington* v. *Downer K. Oil Co.*, 104 Mass. 64; *Eten* v. *Luyster*, 60 N. Y. 252.

MITCHELL, J. As the defendant and one Ward were driving along the highway in front of plaintiff's premises, a dog belonging to plaintiff's father (and which happened to be at that time on plaintiff's premises) rushed out upon the highway, and attacked Ward's dog. Defendant jumped out of his wagon with his gun, whereupon the dog of Renner, Sr., retreated towards or upon plaintiff's premises. While it was thus retreating, defendant fired at and killed it. This dog was accustomed to attack and worry the dogs of passing travellers on the highway, but there is no evidence that it ever attacked persons. When defendant shot the dog, he stood in the highway, about 175 feet from the plaintiff's house, which was situated on elevated ground some distance back from the road. The dog, when shot, was some 150 feet from the house. Plaintiff's wife was standing at the pump, at or near the side of the house, and saw the defendant shoot, but defendant did not see her, and was not aware of her presence; the view from the highway to the house being more or less intercepted by intervening trees. Mrs. Renner, being, owing to her pregnancy, in a delicate state of health, and her nerves very sensitive, was so startled and frightened as to seriously affect her health. Her fright seems to have been largely caused, or at least greatly aggravated, by the mistaken impression that defendant aimed his gun towards her, when in fact it was aimed at right angles to the direction where she was standing. For the damages resulting from this injury to his wife's health plaintiff brings this action.

It is very difficult to determine, either from the complaint, or the evidence introduced, or from the charge of the court, the exact theory upon which this action was brought, tried, or submitted to the jury,—whether the *gravamen* of defendant's alleged tort was the *killing of the dog*, or negligence in firing off a gun in dangerous proximity to a human residence. The court did, however, expressly instruct the jury that the shooting of this dog by defendant was unlawful. He also instructed them that a person is liable for all the consequences "which flow naturally and directly from his acts," and then left it to

them to decide, as a question of fact, whether the injuries to plaintiff's wife were the "natural result of defendant's acts."

From this the jury could and naturally would understand that defendant might be liable in this action from the *mere* fact that the killing of the dog was unlawful. We think a verdict for plaintiff could not be sustained on any such theory of the case. It is elementary that a man is liable only for the proximate or immediate and direct results of his acts. In strict logic it may be said that he who is the cause of loss should be responsible for all the losses, whether proximate or remote, which flow from his acts. But in the practical workings of society any such rule would be both impracticable and unjust, and therefore the law looks only to direct and proximate results, or, as the rule is sometimes stated, "whoever does a wrongful act is answerable for the consequences that may ensue in the ordinary and natural course of events." There can be no fixed rule upon the subject that can be applied to all cases. Much must depend upon the circumstances of each particular case. But in this case it is very clear to us that the killing of this dog was in no sense the proximate cause of the injury to plaintiff's wife. The act, in itself, was not a tort of any kind against plaintiff, as the dog was not his property. The injury to the woman would have been presumably the same whether the killing of the dog was lawful or unlawful, and whether the defendant had fired at the dog, or at a bird in the air. If the acts of defendant amounted to any tort which, in any possible view of the case, could be held to be the proximate cause of the injuries complained of, the *gist* of it must be negligence in shooting in such proximity to a human residence as might naturally and reasonably be anticipated to be liable to injure the inmates by fright or otherwise. We are by no means prepared to say that, upon the evidence, a verdict for plaintiff could be sustained even upon that ground. But it is enough here to say that the case was not submitted to the jury on any such theory.

Order reversed, and new trial ordered.