## William H. Brownback v. Katie E. Frailey.

1. TRESPASS—*Responsibility for the Natural and Proximate Consequences.*—A trespasser is responsible for the natural and proximate consequences of his conduct, and if he can realize by the exercise of ordinary care that an injury will result from his act, he is liable.

2. SAME—*Ignorance no Excuse.*—A trespasser can not be excused for his conduct because he does not know the condition of the health of the person upon whom his wrongful act is committed.

3. INSTRUCTIONS.—*In Close Cases.*—In an action of trespass, where there is a sharp conflict in the evidence, an instruction which does not limit the defendant's conduct to the proximate, usual, ordinary and natural results of his conduct and leaves the jury to put their own construction on his acts as well as the consequences, is not accurate.

4. SAME—*Submitting Questions of Law.*—Where there is a sharp conflict in the testimony, an instruction which tells the jury that any one who commits a wrongful act is liable for any natural injury resulting therefrom, although such result could not have been contemplated or foreseen as the probable result of such act, is erroneous, as submitting a question of law for the jury to determine.

**Trespass,** for assault *vi et armis.* Trial in the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

MOULTON, CHAFEE & HEADEN, attorneys for appellant.

ANTHONY THORNTON, attorney for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action of tort. The jury found the appellant guilty and assessed damages in favor of the appellee at $900. A motion for a new trial was overruled and a judgment rendered on the verdict.

The declaration contains three counts. The first and second counts are in case, for consequential damages, and the third count is in trespass for an assault *vi et armis.* The first count is in substance:

That the defendant, on the 5th day of September, 1895, wickedly and wrongfully, intending to injure the plaintiff, then and there, in the night time, wrongfully entered the house of the plaintiff in the absence of her husband, defendant well knowing the same, and did then and there flourish and display, in the presence of plaintiff, a whip he then and there had; and defendant then and there, in the presence of and to the plaintiff, said, in an excited and violent manner, that the husband of plaintiff owed him about $1,700, and then and there demanded that plaintiff should deed him fifty-four acres of land; and then and there said and threatened in a violent manner that unless plaintiff would make such deed, he, the defendant, would attach said land and all the property plaintiff had, and throw her out of her home and send her husband to the penitentiary; and that defendant made such threats in a loud voice and boisterous manner, and continued the same for, to wit, one hour. And the defendant then and there so violently and abusively conducted himself toward and in the presence of the plaintiff that in conse-

quence thereof she then and there fainted, and was unconscious for three hours. Whereby and by reason of said several premises, the said plaintiff then and there being pregnant, and in consequence of the said violence and abuse and threat aforesaid, within a short time thereafter, and by means of the premises, became sick and sore and suffered a miscarriage, and became and was sick hitherto. That during which time she suffered great pain and was hindered from attending to her affairs, and paid out $200 in endeavoring to be cured.

The second count is substantially as the first except the averments are more succinctly stated.

The third count is the usual count in trespass *vi et armis*, and in it, it is alleged in substance, that the defendant on the day and year aforesaid, with force and arms assaulted the plaintiff and struck her with a whip and used threats to plaintiff whereby she became sick, sore, and fainted and became unconscious and so continued hitherto, during which time she suffered great pain and incurred $300 expenses in being cured.

The appellant contends that the facts as averred in the first and second counts of the declaration do not constitute a legal cause of action, and that the court erred in refusing to instruct the jury as asked in appellant's instructions A, B, C, D, E and F. These instructions in substance were that the jury in considering of their verdict should disregard the first two counts of the declaration, those two counts alleging no cause of action upon which appellee could recover.

There is testimony in the record that tends to prove all the material allegations in the first and second counts in the declaration.

The appellant is responsible for the natural and proximate consequences of his conduct on the evening in question, and if he could have realized by the exercise of ordinary care that the injury would result, then he is liable; and what are such consequences, and whether he was in the exercise of ordinary care, are questions of fact for the

determination of a jury.  Fent v. T. P. & W. Ry. Co., 59 Ill. 351; Pullman Car Co. v. Laack, 143 Ill. 260; 4 Am. & Eng. Enc. of Law, 42;  Hill v. Winsor, 118 Mass. 251;  West C. St. R. R. Co. v. Feldstein, 169 Ill. 141.

The case of Phillips v. Dickerson, 85 Ill. 12, relied upon by appellant, is distinguishable from this case.  In that case as in this, the suit was in case, by a woman, charging that the defendant had violently and abusively conducted himself, whereby she was so terrified that she was taken with premature labor, the result of which was the birth of a child, and great pain and suffering.  The court says: "The plaintiff sues for the effect of fright which she received by reason of a quarrel between others; it took place between the defendant, and the husband and boy, outside of the house, out of the presence and out of the sight of plaintiff, although in her hearing," she being in bed five or six feet from where the difficulty occurred, "but the evidence does not show that the defendant knew the latter fact or the condition of plaintiff."

In this case the abusive language and the threats of appellant were addressed to appellee, and his conduct was in her immediate presence and in her home.  He could not have but observed, as others did who were in her presence, that appellee was "frightened," "scared" and "very nervous."  In the exercise of ordinary care, it would seem that appellant must have known that injury would result from his course of conduct and he should have desisted. There is testimony tending to show that she fainted, and had a miscarriage, and was sick for a month, which was the consequence of appellant's conduct without any intervening cause.

The appellant can not be excused for his conduct, because he did not know the condition of appellee's health at the time.  Oliver v. Town of Lavalle, 36 Wis. 592;  Stewart v. Ripon, 38 Wis. 591.  We hold there is a cause of action stated in the first count of appellee's declaration and there is testimony in the record tending to sustain the material allegations thereof, and the refusal by the court to give

appellant's instructions marked A, B, C, D, E and F, was not error.

This is an important case, and upon the vital issues in the case there is a sharp conflict in the testimony. It is a close case and the instructions should be accurate. We think some of the instructions given for appellee are not free from objection and were prejudicial to appellant.

The first and second instructions given for appellee are too general. By them the jury are told that if the defendant acted with a wanton disregard of the rights of plaintiff they may infer malice. By these instructions the jury are left without any explanation as to the relative rights of the parties, or as to any duty owed by the defendant to the plaintiff; they are left to put their own construction on the acts of defendant and rights of plaintiff. They do not limit the defendant's conduct to the proximate, usual, ordinary and natural results of his conduct and acts. The jury are left to put their own construction on the acts of the defendant as well as the consequence. These instructions are not accurate.

In the fourth instruction of appellee, the jury are told that any one who commits a wrongful act or conduct is liable for any natural injury resulting therefrom, although such result would not have been contemplated or foreseen, as the probable result of the act done. This instruction submits a question of law to the jury, and leaves it for the jury to determine what was a natural injury, without regard to proximate, usual or ordinary consequences. This instruction is erroneous. In the fifth instruction the jury are told they may consider the pain and suffering of the plaintiff, without limiting it to the proximate result of defendant's conduct. This instruction should not have been given.

In the ninth instruction of appellee the jury are told, if plaintiff had a tendency to fainting spells, and that her injury and sickness and pain were increased by former disease, it can not affect the liability of defendant, and can not affect the measure of damages. This instruction is faulty in that it does not state that the conduct and acts of

the defendant must be the proximate, usual and ordinary cause of plaintiff's injury, pain and suffering. It is abstract, indefinite and misleading, and should not have been given. The other instructions given on behalf of appellee are not objectionable.

The judgment of the Circuit Court is reversed and the cause remanded.