MARY MAHONEY, JR., v. E. T. DANKWART, Appellant.

108  321
113  357
108  321
e116 253

**Damages:** PROXIMATE CAUSE: *Pleading.* In an action for damages for permanent loss of health resulting from extreme fright caused by the negligent manner in which defendant blasted rock near plaintiff's house, it was shown that plaintiff was accustomed to blasting; that for about two weeks she had been somewhat startled and annoyed by defendant's blasting; that on the day when the extreme fright was caused she had been warned that the blast was going to be set off, and left the house for a place of safety, her mother remaining in the house; that she was frightened about her mother, and, after the blast, returned to the house; and the house and furniture was somewhat shattered by the shock; and that her mother suddenly collapsed, and plaintiff thought she was dying. *Held,* that plaintiff's fright was not caused directly by the blast, but by her mother's condition, and that she could not recover.

**Evidence:** REVIEW ON APPEAL: *Jury.* In an action for personal injuries the defense was that between the 7th and 25th of a certain month the blasting of rock which caused the injury was done by an independent contractor, who had a written contract with defendant to do the work. Several witnesses testified that the contractor had charge of the work after the 7th, while plaintiff proved that the men blasting had previously been in defendant's service, and that defendant was about the work occasionally, but it did not appear that he exercised any control over the work after the 7th. *Held,* that a verdict for plaintiff was not sustained.

SAME. The jury has no right to arbitrarily disregard the testimony of an unimpeached and uncontradicted witness as to a fact which is not incredible.

RELEVANCY. An ordinance requiring persons blasting within the city limits to cover the orifice in which the explosive is placed, is admissible under a petition charging that two blasts were set off in such a negligent manner as "to cause loose fragments of rock to be thrown upon plaintiff's home, to her constant fear."

**Appeal:** OBJECTION BELOW. The objection that the petition declared upon a wilful injury, and that the court submitted the issue of negligence, cannot be raised for the first time on appeal.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

FRIDAY, MAY 12, 1899,

ACTION to recover damages for personal injuries. There was a trial to jury. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*C. L. Poor* and *La Monte Cowles* for appellant.

*Hedge & Blythe* and *Charles Willner* for appellee.

WATERMAN, J.—Plaintiff, with her parents, occupied a dwelling which stood close to the line of a vacant lot adjoining, owned by defendant. Underlying both of these lots was a ledge of limestone, and defendant attempted to remove some of the stone from his lot by blasting. The petition states the cause of action as follows: "That defendant continued this blasting for many days during September, 1895, without warning to plaintiff or her family as each blast was fired, and with careless, wicked, and malicious disregard for the peace and safety of plaintiff, and in a reckless, negligent, and malicious way caused loose fragments of rock to be thrown upon plaintiff's home and premises, and thus put her in constant fear and frequent actual danger of her life and limb. * * * That particularly on or about September 25, 1895, the defendant, in the course of said work above named, permitted a blast to be fired, which shook the foundation of plaintiff's dwelling, threw fragments of earth and rock upon the house and grounds of plaintiff, and cast plaintiff into extreme fright and nervous disorder of so radical a character that it has developed into permanent disease, which will inevitably shorten her life," etc. The answer is a general denial. The court submitted the case upon the theory that defendant had a right to do the blasting. It took from the jury the allegation of malice, and instructed that the charge to be considered was whether defendant was negligent. Complaint is made by appellant of the action of the court in submitting the issue of negligence. It is thought that, if defendant was not guilty of the willful wrongs complained of, he should not

be held under the petition upon the other ground.   The evidence received was all of such a character as would have been admissible under a charge of negligence alone.   We do not find that the point now made was presented to the trial court.   At the close of the testimony, appellant's counsel moved the court to direct a verdict in his favor, based upon several grounds, but none of these covered the point we are now considering.   Neither was it presented in any of the instructions asked by defendant, nor made one of the grounds for the new trial which was asked.

II.   One defense interposed was that the work by which plaintiff claimed to be injured was not done by defendant, but by one Magee, an independent contractor, for whose acts defendant was in no way responsible.   The trial court instructed on this theory, and it must be taken as the law of the case.   *Roberts v. Abstract Co.,* 63 Iowa, 76.   The jury was told that the undisputed evidence established that defendant had a written contract with Magee, by the terms of which the latter was to do the blasting; and the only matter submitted in this connection was whether the work complained of was done under this contract.   The jury must have found that it was not, and in this, we think, there was error.   Several witnesses testified that Magee had charge of the work after the seventh day of September, and prior to this time it is not claimed that plaintiff suffered any harm from the work. On plaintiff's part the showing is wholly circumstantial, and the circumstances are not inconsistent with defendant's claim.   The men employed in the blasting operations had been previously in defendant's service.   Defendant was about the work occasionally, but after the seventh of September it does not appear that he assumed or exercised any control over what was being done.   This is insufficient to create a conflict of evidence.   *Sullivan v. Railroad Co.,* 58 Iowa, 602.   All of the circumstances upon which plaintiff relies to meet this issue may be readily reconciled with the fact that the work, after the seventh day of

September, was done by an independent contractor. See *Wheelan v. Railroad Co.*, 85 Iowa, 167. When a fact is not incredible, and is testified to by a witness who is unimpeached and uncontradicted, the jury has no right to arbitrarily disregard the testimony of such witnesses. *Lomer v. Meeker*, 25 N. Y. 361; *Elwood v. Telegraph Co.*, 45 N. Y. 549.

III. An ordinance of the city of Burlington was introduced in evidence over defendant's objection. It provided that any one blasting within the city limits should cover the orifice in which the explosive was placed with good, sound timber, so as to prevent fragments of rock from being thrown in the air; and that any failure in this regard was a misdemeanor. The objection to this evidence is that there is no claim that the damage was caused by a failure to cover the blasts, but, on the contrary, the sole ground of complaint is that the blasts were fired without warning to plaintiff. The petition charges that the blasts were set off in such a negligent manner as to cause "loose fragments of rock to be thrown upon plaintiff's home," to her constant fear. Under the issues, the ordinance appears to have been admissible.

IV. Plaintiff was not physically injured by the blasting, save as such injuries resulted from the fright she received. Counsel for appellant devote considerable attention in argument to an attempt to show that no liability exists in such a case. The trial court instructed that plaintiff could not recover for fright alone, but that she might recover if the fright resulted in physical disability. If there can be no recovery for the fright, we do not see how there can be for its consequences. *Mitchell v. Railway Co.*, 151 N. Y. App. 107 (45 N. E. Rep. 354); *Spade v. Railroad Co.*, 168 Mass. 285 (47 N. E. Rep. 88); *Trigg v. Railway Co.*, 74 Mo. 147; *Fox v. Borkey*, 126 Pa. St. 164 (17 Atl. Rep. 604). But, waiving this matter, we have read the evidence

carefully, and our conclusion is that it shows without dispute that plaintiff's fright was caused, not by the blasting, but by what she saw of its effects when she returned to the house after the explosion of September 25th. Prior to that date, the most that can be said is that plaintiff was startled at times and annoyed by the blasting. On the twenty-fifth the noise of the explosion was louder than usual. Plaintiff and her mother were in the house. They were warned of the coming explosion. Plaintiff went to a place of safety. Her mother remained in the house. Plaintiff says: "Was frightened about my mother. Thought her and the house in danger from the blast." When plaintiff returned to the house after the explosion, her mother was standing in the doorway. Shortly afterwards, the mother, as plaintiff expressed it, "collapsed." Plaintiff thought she was dying. This, with the somewhat shattered condition of the house and furniture, caused by the shock of the explosion, so wrought upon plaintiff's nervous system as to cause the physical trouble of which she complains,—an affection of the heart. We take these facts from the testimony of the plaintiff, and from the same source we gather these further facts, which strengthen us in the conclusion that plaintiff's fright was not caused directly by the blast, but rather by its effect upon her mother: Plaintiff was accustomed to blasting. Such work had been done frequently before in the immediate vicinity of her home. For many years it was carried on upon the same lot where the work was being done for defendant, and plaintiff occupied her present home during this period; and, as we have said, from the time this work for defendant was begun on the seventh of September, up to the time of the heavy explosion on the twenty-fifth, though she complains of it, she makes no claim to have been in any way injured by it. If, then, plaintiff's physical injuries were caused by her fright,—and we may say in passing there is some doubt whether the testimony shows this to be the case,—yet, as her condition was not

immediately occasioned by the blast, but was induced by her apprehension for her mother's safety, there can be no recovery. *Keyes v. Railway Co.,* 36 Minn. 290 (30 N. W. Rep. 888); *Wyman v. Leavitt,* 71 Me. 227; *Cowden v. Wright,* 24 Wend. 429; *Railroad Co. v. Kelly,* 31 Pa. St. 372; *Hyatt v. Adams,* 16 Mich. 180; *Railroad Co. v. Chance,* 57 Kan. 40 (45 Pac. Rep. 60). There does not appear to be any substantial conflict of evidence on this point. We are not unmindful of the rule announced in *Mentzer v. Telegraph Co.,* 93 Iowa, 753. Nothing here said, however, in any way conflicts with that holding. Our conclusion upon this issue is that the court erred in not sustaining defendant's motion to take the case from the jury on the fourth ground thereof, which was the want of evidence to support a verdict in plaintiff's favor.—REVERSED.