## GASKINS v. RUNKLE.

[No. 3,264.   Filed November 27, 1900.]

DAMAGES.— *Nervous Prostration.— Fright.*—An action can not be maintained for damages on account of nervous prostration resulting from fright caused by defendant entering upon the premises of plaintiff's husband and quarreling with him, within hearing of plaintiff, after being ordered away, knowing plaintiff was in delicate health and easily excited.

From the Sullivan Circuit Court.   *Affirmed.*

*J. T. Hays,* for appellant.

*J. S. Bays,* for appellee.

WILEY, J.—Appellant was plaintiff below.   Her complaint was in a single paragraph, to which a demurrer for want of facts was sustained.   She refused to plead further and suffered judgment to be rendered against her for costs. The complaint avers that appellant was a married woman living with her husband on a farm; that on July 14, 1898, she gave birth to a child; that prior to and on July 26, 1898, appellee knew that she had recently been confined and knew her physical condition; that on July 26th, she had so far recovered as to be able to be up; that she was convalescent but unable to stand any excitement or mental strain or nervous shock; that on said July 26th, the appellee went to appellant's and upon the lands of appellant's husband, and quarreled with her said husband; that he refused to leave said premises when so notified to do, "but unlawfully remained and refused to depart from plaintiff's home and from the lands of plaintiff's husband   *   *   * when so notified to depart therefrom, and there in a rude and insolent manner, wilfully and purposely remained and quarreled with plaintiff's husband, knowing that plaintiff was home and within hearing of said quarrel, and well knew that said quarrel, as well as his refusal to leave plaintiff's home would greatly excite the plaintiff and cause a nervous

shock and pain, suffering, and mental anguish to her great personal injury and suffering; and then and there defendant wilfully and greatly provoked the plaintiff's husband; and persistently refusing to depart from plaintiff's home and from the land of plaintiff's husband but quarreled with plaintiff's husband and in a rude and insolent and angry manner wilfully used abusive language to plaintiff's husband, which he knew would excite plaintiff and cause her great pain, suffering, mental anguish hereinafter alleged, thereby causing plaintiff's husband to get a revolver to compel him the defendant to depart from the plaintiff's home and from the lands of plaintiff's husband, etc. The complaint then avers that defendant was a large man, was quarrelsome, was at enmity with appellant's husband, who was a small man, and that both appellant and appellee knew said facts. The complaint then contains the following allegations: "The defendant's unlawful and wilful conduct as aforesaid, all of which defendant well knew it would do, caused plaintiff to become greatly frightened and excited and did greatly frighten and excite her, as defendant knew it would do, and so badly frightened her as to cause a great nervous and mental shock, as defendant knew it would do; and so frightened the plaintiff and shocked her nerves as to throw her into a state of unconsciousness, etc." The complaint describes the evil consequences which resulted to her, and avers the injuries thus received were produced without her fault, etc.

Appellee has not filed any brief. The complaint gathered from its various allegations proceeds upon the theory, if we rightly construe it, that the acts of appellee were wrongful, and that such wrongful acts greatly frightened and excited appellant, so that she was nervously shocked, and thereby sustained injury. Appellant's counsel has called our attention to but one case in support of his contention that the complaint states a cause of action, viz.: *Newell* v. *Witcher,* 53 Vt. 589. That was a case where

married man broke into the bedroom at night of a blind girl, in his employ as a music teacher, in his own household to solicit and have sexual intercourse with her. In the trial of the case, the court instructed the jury that if the plaintiff was so frightened and shocked in her feelings as to injure her health by defendant's conduct, she could recover damages for such injury. On appeal the supreme court of Vermont upheld the instruction, and in so doing said: "When the acts of the party complained of are of themselves innocent and harmless, and may become wrongful by the manner in which they are done, then a man is to be judged by the common and ordinary effect of such acts. But when a married man breaks into the bedroom of a chaste and honest woman at midnight, and proposes to her sexual and criminal commerce with her, the act is wholly wrongful; the aim and purpose is wrongful, and the act if perpetrated is criminal; and the party offending must answer in damages for all actual injuries." If we accept this expression of the supreme court of Vermont as a correct statement of the law as applicable to the facts in that case, we are unable to see how the rule there announced is applicable to the case before us as stated in the complaint. In that case, the assault was made upon, and the acts of the defendant were directed to the injured party. No such a condition exists here. Counsel seeks to uphold the complaint upon the sole ground that the acts of the appellee were unlawful, in that he was unlawfully upon the lands of appellant's husband; that he was notified to depart therefrom, and when so notified, neglected to depart. We are cited to §2010 Burns 1894, to show that such refusal to depart, when notified to do so, was a misdemeanor, and hence unlawful. We concede this to be the law, but it does not necessarily follow that, because he was upon the premises of appellant's husband, and his acts while there excited and frightened her, to her injury, he can be required to respond in damages. There is no allegation that appellee

Gaskins *v.* Runkle.

intended by his unlawful acts to inflict any injury upon the appellant.

We had occasion in the recent case of *Cleveland, etc., R. Co.* v. *Stewart,* 24 Ind. App. 374, to discuss the question of liability for fright growing out of the wrongful and negligent acts to a third party of the party occasioning such fright, and reached the conclusion that the action could not be maintained. In that case, the appellee, with her husband and two daughters, attempted to take passage on one of appellant's trains. One of appellee's daughters had taken hold of the hand-rail of the car and was in the act of getting on when the train started. She held to the hand-rail and was dragged a short distance along the platform. Appellee was on the platform and witnessed the danger to which her daughter was exposed. She was in feeble health and became greatly frightened, resulting in nervous prostration, etc. She sued the appellant to recover damages resulting from such fright. It was held she could not recover. In that case many authorities were cited, and from which copious excerpts were quoted. The same principles and rules of law as announced in that case are of controlling influence here.

That appellee was guilty of a wrong there can be no doubt, but as was said in *Kalen* v. *Terre Haute, etc., R. Co.,* 18 Ind. App. 202, 63 Am. St. 343, Black, J., speaking for the court: "But not every injurious effect of wrong can form the basis of damages. Many ill consequences follow from wrongs as proximate effects for which the law can not afford redress, because of the inadequacy of the methods and means of courts to reach just and adequate results with sufficient certainty. * * * It would seem that such injuries are among those which courts can not remedy by means of any practicable methods at their command which can be applied generally so as to secure justice to both the plaintiffs and defendants and so as best subserve the interests of the community, whose instruments the courts are in

the administration of justice. Such claims for redress seem to be outside the wise policy of the law."

In the case of *Atchison, etc., R. Co.* v. *McGinnis,* 46 Kan. 109, 26 Pac. 453, the court said: "A person who is placed in peril by the negligence of another, but who escapes without injury, may not recover damages simply because he had been placed in a perilous position. Nor is mere fright the subject of damages. Fright must be accompanied by some actual injury caused thereby, and traceable directly thereto, to be the subject of damages. Mere fright unaccompanied by any injury resulting therefrom, can not be. the subject of damages." See also *Jock* v. *Dankwardt,* 85 Ill. 331.

The law as declared in *Cleveland, etc., R. Co.* v. *Stewart, supra,* is decisive of the case now before us, and further discussion would be useless. The court correctly sustained the demurrer to the complaint.

Judgment affirmed.