MARY J. LEE, Appellant, v. THE CITY OF BURLINGTON, Appellee.

**Negligence:** PROXIMATE DAMAGES: *Cities and towns.* Where the negligent operation of a street roller frightens a horse, and causes it to rupture a blood vessel in its heart which re-results in death there can be no recovery therefor from the city.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, APRIL 10, 1901.

ACTION to recover damages for the death of a horse, due, as is alleged, to its becoming frightened at a steam roller negligently operated on one of defendant's streets. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Affirmed.*

*Stutsman & Stutsman* for appellant.

*George S. Tracy* for appellee.

DEEMER, J.—The negligence alleged is that defendant failed to erect barriers or guards to prevent people driving on the streets where the roller was being operated; failed to give warning to persons going on the street of the danger; started the roller by blowing off steam and smoke, and making a loud noise, in such a manner as to frighten plaintiff's horse; and failed to stop the roller after defendant knew

that plaintiff's horse was frightened. It is also alleged that by reason of these negligent acts plaintiff's horse was frightened, causing a rupture of the heart and the death of the horse, "so determined by a post mortem examination by a veterinary surgeon." Defendant claims that it had the right to operate the roller in the ordinary manner, and that if plaintiff's horse was injured thereby, it was *damnum absque injuria,* and that the claim of death from fright is too speculative, remote and, contingent to furnish the basis of an action for damages.

For the purpose of the case, it may be assumed that the defendant was negligent, and the sole question then is, is defendant liable for the death of the horse caused through fright alone? If there had been any physical injury to the horse due to defendant's negligence and resulting in death, there would undoubtedly be liability. But where death results from fright alone the defendant is not liable in damages, since such a result is so unusual and extraordinary that one ought not to be held liable therefor. As a general rule, no recovery may be had for injuries resulting from fright caused by the negligence of another, where no immediate personal injury is received. This is the settled rule as to human beings. *Cleveland, C., C. St. L. Ry. Co. v. Stewart,* 24 Ind. App. 374 (56 N. E. Rep. 917) ;*Mitchell v. Railway Co.,* 151 N. Y. App. 107 (45 N. E. Rep. 354, 34 L. R. A. 781) ; *Nelson v. Crawford* 122 Mich. 466 (81 N. W. Rep. 335) ; *Ewing v. Railway Co.,* 147 Pa. St. 40 (23 Atl. Rep. 340, 14 L. R. A. 666) ;*Spade v. Railroad Co:,* 168 Mass. 285 (47 N. E. Rep. 88, 38 L. R. A. 512) ; *Kalen v. Railroad Co.,* 18 Ind. 202 (47 N. E. Rep 694) ; and we see no reason why the same rule should not be applied to animals (see, also, *Mahoney v. Dankwart,* 108 Iowa, 321. Although possessed of the most vivid imagination, one could hardly anticipate such results as are said to have followed from the fright of the horse. It was such an unusual occurrence that the law will not consider it the proximate result of the alleged negligence.

Damages, to be recoverable, must be such as, in the ordinary course of things, naturally follow from the act complained of. This conclusion renders a decision of the other points made by the defendant unnecessarry. The ruling was right, and it is AFFIRMED.