(63 App. Div. 223.)

### WILLIAMS v. UNDERHILL.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

WILLFUL TORT—ASSAULT—RECOVERY FOR MENTAL INJURIES ALONE.
     A recovery for mental injuries and suffering alone is not precluded in cases of willful tort.

Appeal from trial term, New York county.

Action by Margaret Williams, an infant, by Henry Evans, her guardian ad litem, against Frederic E. Underhill. From a judgment entered on an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Oscar W. Ehrhorn, for appellant.
Edward S. Clinch, for respondent.

HATCH, J. This action was instituted in behalf of an infant, by her guardian ad litem, to recover damages for an alleged assault committed upon her by the defendant. It appears that the plaintiff was employed in the family of the defendant in the capacity of nurse to the defendant's children, and while so employed went with the

family to their summer residence at Tenafly, N. J. The plaintiff avers that while at this place the defendant assaulted and laid violent hands upon the plaintiff, and that by reason of said assault the plaintiff was made sick, sore, lame, and disabled, and suffered great mental pain and anguish, and, more particularly, she was nervously prostrated and became insane, and by reason of the same she was compelled to expend large sums of money in procuring medical attendance, and was otherwise damaged. The answer is a general denial. The defendant demanded a bill of particulars of the injuries sustained by the plaintiff, and in response to such demand the plaintiff served such a bill in writing, as follows:

"You will please take notice that the following is a bill of particulars of the injuries sustained by the plaintiff, and the amount paid for medical attendance: First. As a result of fright, the above-named plaintiff became the victim of maniacal insanity, with hallucinations and illusions. The said plaintiff will likewise be subject to various forms of insanity, and be nervous and prone to nervous diseases and neuroses, and will never be mentally as strong as before said fright."

Then followed an item of expenses for medical attendance.

Upon the trial of the issues the court admitted evidence which tended to prove the commission of the assault by the defendant, and that prior to the same the plaintiff had been a person of unusual mental strength, but refused to admit any evidence as to the mental condition of the plaintiff subsequent to the alleged assault, or any evidence as to medical treatment received by her, and dismissed the complaint at the close of the plaintiff's case upon the ground that, by the bill of particulars furnished by the plaintiff, she had limited herself to injuries resulting from fright; that damages resulting from fright alone, or for mental suffering disconnected from other injuries, cannot be recovered, and as the bill of particulars limited the claim to such injuries, eliminating from consideration all physical injury, no recovery could be had in this case. Judgment was entered accordingly, and from such judgment this appeal is taken.

We are of the opinion that the trial court erred in the application of the rule stated by him to the facts of this case. In the discussion of a motion to dismiss the complaint made at the close of the plaintiff's case, the court said, "The court of appeals has said distinctly that you cannot recover damages for fright, disconnected from other injuries," and seems to have held the view that, because of the language of the bill of particulars, the plaintiff was limited to proof of injury occasioned solely by fright, and therefore could not recover, because of the rule so stated. The authority to which the court doubtless referred is the case of Mitchell v. Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, but the rule there announced has no application to the facts in the present case. That was an action to recover damages for alleged negligence, the only injury resulting from which was fright and excitement, which were the alleged cause of a miscarriage and consequent illness. There was no claim of personal injury, other than the fright and excitement caused by the plaintiff's having been put in a dangerous position by the averred negligent act of the defendant, and it has been held that the plain-

tiff's injuries did not fall within the rule as to proximate damages; that they were occasioned by "an accidental or unusual combination of circumstances, which could not have been reasonably anticipated, and over which the defendant had no control, and hence her damages were too remote to justify a recovery." No such rule of proximate damages is applicable to actions to recover damages for willful tort. It has been held that the authority cited applies only to actions based on negligence, and not to cases of willful tort. Preiser v. Wielandt, 48 App. Div. 569, 62 N. Y. Supp. 890. As is clearly indicated by the opinion in the Mitchell Case, supra, the reason for limiting liability in actions for negligence is founded in the principle of law governing such actions, viz. that the measure of damage shall be confined to the natural and probable consequences of the act or omission constituting the cause of action. The distinction between such a case and one founded upon a willful tort, such as assault, is very clear. In this case the court admitted, without objection, the evidence of the plaintiff tending to prove the commission of the assault, and that prior to the same the plaintiff had been a person of unusual mental strength; and it was error to exclude the testimony offered to show the effect of the assault upon her mental condition, and of the medical treatment received by her therefor.

It follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.