THE GRAHAM PAPER COMPANY, Appellant, v. E. F. WOHL-
WEND.

**Judgments:** CORRECTION: *Nunc pro tunc.* A judgment entered
against a firm could not afterwards be corrected so as to show
that it was rendered not only against the firm, but also against
a particular defendant as a member of the firm, where it did
not appear in any way that the court ever intended to enter
judgment against the defendant individually.

DEFAULT: *Defective service on one against whom correction is
sought.* The judgment could not be so corrected where the
service on such defendant, as shown by the record, was de-
fective, in that the return did not show a reading of the notice
to him, and the judgment itself was rendered by default.

*Appeal from Des Moines District Court.*—HON. W. S.
WITHROW, Judge.

SATURDAY, APRIL 12, 1902.

PLAINTIFF asks to have a judgment entered in the cir-
cuit court in 1886 in its favor against J. J. Wohlwend &
Son so corrected as to show that it was rendered not only
against said firm, but also against this defendant as a mem-
ber of said firm. The lower court denied the relief asked,
and plaintiff appeals.—*Affirmed.*

*P. Henry Smyth for appellant.*

*S. L. Glasgow* for appellee.

McCLAIN, J.—There are two difficulties in the way of
granting the relief asked in the lower court. In the first place,
it does not appear in any way that the circuit court rendering
the judgment referred to ever intended to enter a
judgment against this defendant individually, and a
proceeding for entry of judgment *nunc pro tunc* can
only be sustained where there was in fact a judgment. Such

a proceeding is not a proper one for reviewing and correcting errors in the action of the court in failing to render a judgment which should have been rendered.

In the second place, it does not appear that any judgment could properly have been rendered by the circuit court against this defendant. The service on defendant, as appears by the record of the case in the circuit court, was at least defective, in that the return does not show a reading of the notice to this defendant, and the judgment of the circuit court was entered on default. It may be that if the circuit court had rendered such a judgment as is now asked, the return of service would have been sufficient to sustain it against a collateral attack, but that is not this case. No judgment against this defendant appearing to have been rendered in that case, it may well be presumed that the court failed to enter such judgment because of the insufficiency of the service, and its failure to do so cannot be called in question in this way.—Affirmed.