# Engle *v.* Simmons.

*Action for Damages for Personal Injury from Wrongful Act.*

(Decided June 30th, 1906. 41 So. Rep. 1023.)

1. *Husband and Wife; Action by Wife; Trespass.*—Irrespective of the ownership of the house, the wife must sue for personal injuries to her inflicted without physical violence, by one entering the house occupied by herself and husband. Sec. 2523 and 2527, Code 1896.

2. *Trespass; Acts Constituting.*—A man entered the dwelling house occupied by a married woman, far advanced in pregnancy, and after being informed that the husband was absent, and after being requested to leave the house, he refused to do so, took an inventory of the household effects, and made threats in reference as to what he would do in reference to a collection

[Engle v. Simmons.]

of a debt against the husband. The woman was thrown in a nervous excitement, and labor pains, resulting in the premature birth of a child, were brought on. Held, the person entering the house was liable for the bodily pain the woman suffered, though he inflicted no physical violence.

APPEAL from Morgan Circuit Court.
Heard before HON. O. KYLE.
Action by Mary P. Engle against W. B. Simmons. From a judgment for defendant rendered on sustaining a demurrer to the complaint, plaintiff appeals.

JOHN R. SAMPLE and S. A. LYNN, for appellant.—The demurrers in this case present two material questions for consideration. First, whether in an action to recover damages for an injury sustained through the negligence of another, there can be a recovery for a bodily injury caused by fright and mental disturbance. This is answered in the affirmative by the following cases.— *Hill v. Kimbell*, 7 L. R. A. 619; *Watson v. Dilts*, 57 L. R. A. 560; *Brownback v. Fraity*, 78 Ill. App. 262; *Rozzo v. Varni*, 81 Cal. 289; *Newell v. Witcher*, 38 Am. Rep. 703; *Mock v. S. B. R. R. Co.*, 40 L. R. A. 683. Second, whether the plaintiff can maintain this action for the alleged injury since the acts complained of were committed in the dwelling house of the plaintiff and her husband, her husband being the head of the household and in possession of the premises. This is answered in the affirmative by §§ 5606, 2523 and 2527 of the Code of Alabama.

E. W. GODBY, for appellee.—The demurrers sustained by the court to the complaint were properly sustained.— *Strauss v. Leipf*, 101 Ala. 433; *Blount v. Western Union Tel. Co.*, 126 Ala. 105; *W. U. Tel. Co. v. Bocker*, 35 So. Rep. 469; *W. U. Tel. Co. v. Chrisbaum*, 132 Ala. 535; *Phillips v. Dickerson*, 28 Am. Rep. 608; *Lehman v. Brooklyn*, 47 Hun. 355.

DOWDELL, J.—This is an action by the plaintiff, appellant here, to recover damages for the wrongful act of the defendant, whereby she was caused to suffer great

physical pain and consequent temporary physical disability. The complaint as amended contained five counts, to all of which a demurrer was sustained by the trial court, and, the plaintiff declining to plead over, a judgment was rendered in favor of the defendant.

The principal and important question in the case is: Does the complaint as amended state a cause of action? It is a sound and just principle of law that, where one in violation of the law does an act which in its consequences is injurious to another, he is liable for the damages caused by such wrongful act.—*Van Norden v. Robinson*, 45 Hun (N. Y.) 567. The allegations of the complaint show that the defendant entered into the dwelling house of the plaintiff, who was at the time far advanced in pregnancy, and in the absence of her husband, and with the evident purpose of collecting a claim against the husband, after being informed by the plaintiff that her husband was absent from home, and after having been requested by plaintiff to leave the premises, he refused without legal cause or good excuse to do so, persisting in interrogating the plaintiff and in taking an inventory of her household effects, making at the time threats of what he intended to do, whereby the plaintiff was thrown into a state of nervous excitement, bringing on labor pains attended with unusual severity continuing for three days, and resulting in the premature birth of a child, and causing a physical disability to the plaintiff which for a long time incapacitated her for the discharge of her household duties. That the defendant violated the law in his refusal to immediately leave the premises when ordered to do so, there can be no question, and that his subsequent conduct as alleged was wrongful is equally certain. The action was properly brought in the name of the wife.—§§ 2523, 2527, Code 1896. The suit is for an injury to the plaintiff, and not for a trespass to the realty as supposed by appellee. It is wholly immaterial under the circumstances alleged whether the ownership of the premises was in the plaintiff or her husband, although it is averred that the possession of the dwelling was held under a contract of lease made by the wife. In *Watson v. Dilts*, (Iowa) 89 N. W. 1068, 57 L. R. A. 561, 93 Am. St. Rep. 239, it was said:

"Nor does it matter, in our judgment, that the trespass was committed on property belonging to the husband. It was her home as well as that of her husband, and any unlawful entry or invasion thereof which produced physical injury to her was a wrong for which she ought to recover."

Nor is it important that no physical violence was done her person. The bodily pain and suffering which she endured was in direct line of causation from the alleged wrongful act of the defendant.—*Armstrong v. Montgomery St. Ry.*, 123 Ala. 233, 26 South. 349. In a case similar to the one under consideration the Supreme Court of Texas, in an opinion by Gaines, J., said: "That a physical, personal injury may be produced through a strong emotion of the mind there can be no doubt. The fact that it is more difficult to produce such an injury through the operation of the mind than by direct physical means affords no sufficient ground for refusing compensation in an action at law when the injury is intentional or negligently inflicted. It may be more difficult to prove the connection between the alleged cause and the injury, but if it be proved, and the injury be the proximate result of the cause, we cannot say that a recovery should not be had." Here, according to the allegations of the petition, the defendant has produced a bodily injury by means of that emotion, and it is for that injury the recovery is sought."—*Hill v. Kimball*, (Tex. Sup.) 13 S. W. 59, 7 L. R. A. 619. In the case of *Brownback v. Fraileyz*, 78 Ill. App. 262, it was said: "One who goes to the house of a pregnant woman and flourishes a whip, and makes threats in a boisterous manner, is liable for her miscarriage and sickness resulting from fright proximately occasioned thereby, which fright he must have observed by the exercise of ordinary care, even though he did not know of the condition of her health". To the same effect are the following cases: *Watson v. Dilts, supra; Razzo v. Varni*, 81 Cal. 289, 22 Pac. 848; *Chicago & N. W. R. Co. v. Hunerberg*, 16 Ill. App. 387; *Newell v. Whitcher*, 38 Am. Rep. 703. The plaintiff here was in her home, and had a right to the peaceful and undisturbed enjoyment of the same, and any unlawful entry or invasion thereof,

which produced physical injury to her, whether by direct personal violence, or through nervous excitement the proximate result of the wrongful acts of the defendant, was a wrong for which she is entitled to recover.

It follows from the foregoing views that the trial court, in our opinion, erred in sustaining the demurrer to the amended complaint, and for which error the judgment appealed from must be reversed, and the cause re-·manded. ·

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.