<hr />

## JEPPSEN v. JENSEN.

No. 2847.   Decided February 8, 1916.   (155 Pac. 429.)

1.  DAMAGES—PERSONAL INJURIES—INJURIES FROM FRIGHT—RIGHT
    TO RECOVER. Recovery may be had for injuries resulting from
    fright alone where the fright was caused by wanton and willful
    acts of defendant, though such acts were directed against plain-
    tiff's husband in her presence and not against her personally.
    (Page 539.)

2.  NEGLIGENCE—WANTON AND WILLFUL ACTS—QUESTION OF LAW.
    In an action for injuries from fright caused by defendant's use
    of vulgar and abusive language toward plaintiff's husband in
    her presence, and his threats to shoot her husband, the court
    cannot say, as a matter of law, that defendant's acts were not
    wanton and willful. (Page 541.)

3.  ASSAULT AND BATTERY — UNLAWFUL ASSAULT —WHAT CONSTI-
    TUTES. The act of defendant in using grossly vulgar and pro-

fane language toward plaintiff's husband in plaintiff's presence in her home and in threatening to shoot her husband, constituted *prima facie* an unlawful assault, regardless of the purpose for which he went to her home.   (Page 541.)

4.   APPEAL AND ERROR—REVIEW—NON-SUIT—EVIDENCE.   Though a witness' testimony is ordinarily no stronger than he leaves it on cross-examination, yet, where a non-suit has been granted on plaintiff's evidence, the reviewing court should construe the evidence, including that which a witness modified on cross-examination, most favorably to plaintiff.   (Page 543.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by Cleopha Jeppsen against Anton Jensen.

Judgment for defendant.   Plaintiff appeals.

REVERSED AND REMANDED with directions to grant new trial.

*Johnson & Johnson,* for appellant.

*George Halverson* and *B. C. Call,* for respondent.

FRICK, J.

The plaintiff sued the defendant to recover damages for alleged injuries to her health and nervous system which she alleged were sustained through defendant's willful, wanton, and unlawful acts.   In view that the complaint is assailed as insufficient in substance, we shall set it forth at large.   It reads as follows:

"Plaintiff complains and alleges:   (1) That she now is and was at all the times herein alleged, a married woman, residing with her husband, Reuben Jeppsen, and three children, in Mantua, Box Elder County, Utah.   (2) That in the nighttime of the 1st day of October, 1914, at about the hour of eight-thirty of the evening of said day, the said defendant came to the home of this plaintiff, and knocked at the door, and when plaintiff opened the same, said defendant entered the room in which she, her said husband and children were, and then and there willfully, wantonly, maliciously, and with-

out regard to the rights of this plaintiff began and did curse and abuse plaintiff's husband, and then and there drew a pistol from his pocket and pointed the same over and across plaintiff's shoulder, and threatened to shoot and kill her said husband; that said defendant remained in said room for a long time, to wit, about fifteen minutes, though often begged and requested by this plaintiff to leave the same, and during all of said time, in a loud and threatening voice, and with vile and abusive language, threatened to shoot and kill her said husband, and after leaving said room said defendant returned and was prevented from re-entering the same only by this plaintiff closing and fastening the doors of said room; that plaintiff about six weeks before had been confined in child-birth, and was still, as a result thereof, in delicate health, all of which defendant well knew. (3) That by reason of said willful, wanton, and malicious conduct of said defendant, this plaintiff became greatly frightened and terrified, so that at the time said defendant returned to re-enter said room, as hereinbefore alleged, she fell in a swoon or faint, and was attacked by a nervous chill, and her nervous system so gave way and she became prostrated so that she was confined to her bed for the greater part of two days, and ever since said time she has been in a highly nervous state and condition, so that she does not sleep well, and is easily disturbed, and frightened by any unusual noise or occurrence. (4) That by reason of the said willful, wanton, and malicious language, acts, and conduct of said defendant this plaintiff has been damaged in the sum of $10,000.''

Judgment is prayed for the amount of the damages alleged. The defendant answered the complaint, admitting that plaintiff is a married woman, etc., and that he called at her home on the night stated, and denied all other allegations of the complaint. When the case came on for trial, the plaintiff produced evidence that fully supported every material allegation of the complaint. Indeed, the testimony of the plaintiff and that of her husband, given on direct examination, respecting defendant's conduct, threats, and abusive language, is even stronger than the allegations of the complaint. At the conclusion of plaintiff's evidence defendant moved for a non-

suit, the grounds of which, stating them in the language of his counsel, are as follows:

"(1) That no actionable damages were shown; (2) that the complaint fails to state a cause of action; and (3) that the evidence failed to show any cause of action against the defendant."

The court sustained the motion, and plaintiff assigns the ruling as error. In view that we have been forced to find that all of the material allegations of the complaint are amply supported by competent evidence, the first question to be determined is whether the complaint states a cause of action.

Defendant's counsel contend that, inasmuch as the alleged injuries were caused from terror or fright alone, without bodily contact, and that the alleged threats or assault were neither intended to be nor were directed against the plaintiff personally, therefore the case stated in the complaint comes within the rule that no recovery is permitted where the alleged injuries are caused alone by terror or fright. Upon the other hand, plaintiff's counsel contend that this case falls within the rule of willful or wanton and intentional wrongdoing committed by the wrongdoer. Under such circumstances counsel contend that the authorities permit a recovery, although the alleged injuries or diseases complained of are the result of fright or terror alone. In the case of *Brownback* v. *Frailey*, 78 Ill. App. 262, the allegations of the complaint were substantially the same as in the case at bar. The only difference between the complaint in that case and one before us is, that the alleged assault and threats in that case were directed against the plaintiff, although her husband, who was absent, seems to have been the inciting cause thereof, the same as here. We can see no legal distinction from the standpoint of civil redress between making an assault upon the plaintiff and in making one in her presence upon her husband. The case of *Hill* v. *Kimball*, 76 Tex. 210, 13 S. W. 59, 7 L. R. A. 618, is very much in point upon that precise question. In that case the assault was not made upon the plaintiff, a woman, but upon others in her presence, and the court there did not discover any reason why she should not recover. In the following cases recoveries were

held authorized under facts and circumstances which, in our judgment, cannot legally be distinguished from those in the case at bar, namely: *Preiser* v. *Wielandt,* 48 App. Div. 569, 62 N. Y. Sup. 890; *May* v. *Western U. Teleg. Co.,* 157 N. C. 416, 72 S. E. 1059, 37 L. R. A. (N. S.) 912; *Harless* v. *South-western M. El. Ry. Co.,* 123 Mo. App. 22, 99 S. W. 793; *Dunn* v. *Western U. Teleg. Co.,* 2 Ga. App. 845, 59 S. E. 189; *Brownback* v. *Frailey, supra; Williams* v. *Underhill,* 63 App. Div. 223, 71 N. Y. Sup. 291; *Watson* v. *Diltz,* 116 Iowa, 249, 89 N. W. 1068, 57 L. R. A. 559, 93 Am. St. Rep. 239; *Hill* v. *Kimball, supra;* and *Engle* v. *Simmons,* 148 Ala. 92, 41 South. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740. Counsel for plaintiff have also cited several cases where recoveries are permitted in what are called negligence cases. The negligence in those cases was so gross, however, that the acts may well have been characterized as wanton and willful. We, however, do not refer to those cases. We do not deem it necessary to review the foregoing cases. We shall, however, make a few excerpts from the opinions to show the principle upon which the decisions are based. In *Preiser* v. *Wielandt, supra,* it is squarely held that the general rule that no recovery is permitted for mere fright "does not include cases of wanton wrongs nor apply to acts of trespassers." In *Harless* v. *Southwestern M. El. Ry. Co.,* the court, in the course of the opinion, said:

"The instructions for plaintiff permitted a recovery for fright, mental suffering and anguish. The defendant assails the propriety of such instructions on the ground that, where there is no bodily hurt, mental anguish and fright are not elements of damage. That is the law in cases of mere negligence (citing cases). But in cases where the wrongful act is occasioned by offensive, insulting, and humiliating conduct, or where the act itself is willful and inhuman, such elements enter into the damages which may be recovered" (citing cases).

In *Dunn* v. *Western U. Teleg. Co., supra,* the Supreme Court of Georgia states the rule in the headnote thus:

"While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts, merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a

wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings."

In *Williams* v. *Underhill* it is said:

"A recovery for mental injuries and suffering alone is not precluded in cases of willful tort."

To that effect is the decision in the Williams Case.

The case of *Watson* v. *Diltz, supra,* is not distinguishable from the case at bar. The Watson Case is distinguished from the case of *Mahoney* v. *Dankwart,* 108 Iowa, 321, 79 N. W. 134, cited by the defendant. In the latter case it is pointed out that the Watson Case was not one merely for negligence, but, like the case at bar, the acts constituted a willful wrong. Defendant's counsel, however, insist that their client's acts as they are set forth in the complaint were not wanton and willful. A conclusive answer to that contention is that whether they were or not is, to say the least, largely, if not entirely, a question for the jury. Can we, can any court, say as a matter of law that the threats, acts, and conduct, say nothing of the grossly vulgar and abusive language used by the defendant as shown by plaintiff's evidence, were not willful nor wanton? Can we say as a matter of law that to threaten to shoot another with a revolver which the threatener then and there holds in his hand is not a willful nor a wanton act? Such acts in law constitute an assault. It might just as well be contended that the court can say as a matter of law that any assault with any weapon is not willful nor wanton. Indeed, a jury, under certain circumstances, might find such acts to have been so wanton and cruel as to call for punitive, as well as actual, damages, as is pointed out in some of the cases before referred to.

We do not mean to be understood as expressing an opinion, or even as intimating, that the acts alleged in the complaint are necessarily such as a matter of fact, but what we mean, and now hold, is, that we cannot say as a matter of law that the acts complained of were neither willful nor wanton. *Prima facie,* the acts complained of and testified to constituted an unlawful assault. We must assume that the defendant in-

tended just what it is said he did. We are not permitted to minimize nor to magnify his acts and conduct. His counsel contend that he went to plaintiff's home for a lawful purpose, and that he was rightfully there. Let this be conceded. That, however, gave him no right to commit an unlawful act after he had arrived there. Suppose one goes to his neighbor upon a mission of mercy, but before he leaves the premises he commits an assault. Is he any the less culpable or responsible for his conduct? We are of the opinion, therefore, that the acts described in the complaint are such as bring this case clearly within the rule that damages may be recovered for injuries to health or for shock to the nervous system, although caused by terror or fright alone, and where there was no actual bodily injury inflicted upon the injured person and none such intended by the wrongdoer. Such acts cannot be considered as merely ordinary negligent acts for which no recovery, from fright alone, is, as a general rule, permitted.

Counsel for defendant refer us to the following cases in which it is held that a recovery is not permitted for fright alone without some bodily or physical injury, either direct or indirect, such as miscarriage of a pregnant woman, etc.: *Gaskins* v. *Runkle,* 25 Ind. App. 584, 58 N. E. 740; *Kalen* v. *Terre Haute & I. R. Co.,* 18 Ind. App. 202, 47 N. E. 694, 63 Am. St. Rep. 343; *Spade* v. *Lynn & B. R. R. Co.,* 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393; *Smith* v. *Postal Teleg. Co.,* 174 Mass. 576, 55 N. E. 380, 47 L. R. A. 323, 75 Am. St. Rep. 374; *Braun* v. *Craven,* 175 Ill. 401, 51 N. E. 657, 42 L. R. A. 199; *Renner* v. *Canfield,* 36 Minn. 90, 30 N. W. 435, I Am. St. Rep. 654; *Mitchell* v. *Rochester Ry. Co.,* 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604; *Nelson* v. *Crawford,* 122 Mich. 466, 81 N. W. 335, 80 Am. St. Rep. 577; *Ewing* v. *Pittsburgh, etc., Ry. Co.,* 147 Pa. St. 40, 23 Atl. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709; *Huston* v. *Freemansburg,* 212 Pa. 548, 61 Atl. 1022, 3 L. R. A. (N. S.) 49; *Mahoney* v. *Dankwart,* 108 Iowa, 321, 79 N. W. 134; *Sanderson* v. *Northern Pac. Ry. Co.,* 88 Minn. 162, 92 N. W. 542, 60 L. R. A. 403, 97 Am. St. Rep. 509; *Lee* v. *City of Burlington,* 113 Iowa, 356, 85 N. W. 618, 86 Am. St. Rep. 379;

*Miller* v. *Baltimore & O. S. W. Ry. Co.*, 78 Ohio St. 309, 85 N. E. 499; *Kagy* v. *Western U. Teleg. Co.*, 37 Ind. App. 73, 76 N. E. 792, 117 Am. St. Rep. 278. Every one of the foregoing cases was determined upon the theory that the acts complained of constituted merely acts of ordinary negligence, and hence a recovery was denied. While it is true, and that it is so is not remarkable, that there are some cases which seem to hold that in no case can a recovery be had where the injuries are caused alone from fright, yet it is also true that there are some cases which seem to hold that a recovery may be had for fright alone, although the acts complained of constituted merely negligent acts. Such cases are, however, not numerous, and the great weight of authority is reflected in the cases relied on by the plaintiff, most of which we have cited above. We are of the opinion, therefore, that the complaint states a cause of action, and that the court erred in sustaining the defendant's motion for a nonsuit.

We remark that in arriving at the foregoing conclusion we have not been unmindful of defendant's contention that on cross-examination both the plaintiff and her husband, to some extent, modified their original statements. While, as a general rule, it is true that the testimony of a witness is no stronger than he leaves it on cross-examination, yet, where a nonsuit has been granted on plaintiff's evidence, it is the duty of the court to construe the evidence most favorably to the plaintiff, since it is the province of the jury to say what weight shall be given the plaintiff's evidence as a whole.

For the reasons stated, the judgment is reversed, and the cause is remanded to the District Court of Box Elder County, with directions to grant a new trial. Plaintiff to recover costs.

STRAUP, C. J., and LOOFBOUROW, District Judge, concur.