[Civ. No. 18278.   First Dist., Div. Two.   June 4, 1959.]

GAIL E. TAYLOR, a Minor, etc., Appellant, v. VINCENT ANTHONY VALLELUNGA et al., Respondents.

MacLeod & Gunn for Appellant.

Hoge, Fenton, Jones & Appel, Charles H. Brock and Thomas J. Randazzo for Respondents.

O'DONNELL, J. pro tem.*—The complaint in this action contains three counts. We are concerned here, however, only with the allegations of the first two counts. In the first count, plaintiff Clifford Gerlach alleges that on December 25, 1956, defendants struck and beat him causing him bodily injury for which he seeks damages. In the second count, plaintiff and appellant Gail E. Taylor incorporates by reference the charging allegations of the first count and proceeds to allege that she is the daughter of plaintiff Clifford Gerlach, that she was present at and witnessed the beating inflicted upon her father by defendants, and that as a result thereof, she suffered severe fright and emotional distress. She seeks damages for the distress so suffered. It is not alleged that any physical disability or injury resulted from the mental distress. A general demurrer to the second count of the complaint was interposed by defendants. The demurrer was sustained and appellant was granted 10 days leave to amend. Appellant failed to amend and judgment of dismissal of the second count was entered. The appeal is from the judgment of dismissal.

The California cases have for some time past allowed recovery of damages where physical injury resulted from intentionally subjecting the plaintiff to serious mental distress. (See cases cited in *State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330, 337 [240 P.2d 282].) In the Siliznoff case the Supreme Court extended the right of recovery to situations where no physical injury follows the suffering of mental distress, saying that "a cause of action is established when it is shown that one, in the absence of any privilege, intentionally subjects another to the mental suffering incident to serious threats to his physical well-being, whether or not the threats are made under such circumstances as to constitute a technical assault." (P. 336.) In arriving at this result the court re-

---

*Assigned by Chairman of Judicial Council.

lied in substantial part upon the development of the law in this field of torts as traced by the American Law Institute, and it quotes with approval (p. 337) section 46, as amended, of the Restatement of Torts, (Rest. of the Law, 1948 Supplement, Torts, § 46) which reads: "One who, without a privilege to do so, intentionally causes severe emotional distress to another is liable (a) for such emotional distress, and (b) for bodily harm resulting from it." ▮ In explanation of the meaning of the term "intentionally" as it is employed in said section 46, the reporter says in subdivision (a) of that section: "An intention to cause severe emotional distress exists when the act is done for the purpose of causing the distress or with knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct. See Illustration 3." Illustration 3 referred to reads as follows: "A is sitting on her front porch watching her husband B, who is standing on the sidewalk. C, who hates B and is friendly to A, *whose presence is known to him,* stabs B, killing him. C is liable to A for the mental anguish, grief and horror he causes." (Emphasis added.)

▮ The failure of the second count of the complaint in the case at bar to meet the requirements of section 46 of the Restatement of Torts is at once apparent. There is no allegation that defendants knew that appellant was present and witnessed the beating that was administered to her father; nor is there any allegation that the beating was administered for the purpose of causing her to suffer emotional distress, or, in the alternative, that defendants knew that severe emotional distress was substantially certain to be produced by their conduct.

Appellant cites the following cases in support of her contention that the second count of the complaint states facts sufficient to constitute a cause of action: *Lindley* v. *Knowlton,* 179 Cal. 298 [176 P. 440]; *Webb* v. *Francis J. Lewald Coal Co.,* 214 Cal. 182 [4 P.2d 532]; *Medeiros* v. *Coca-Cola Bottling Co.,* 57 Cal.App.2d 707 [135 P.2d 676]; *Jeppsen* v. *Jensen,* 47 Utah 536 [155 P. 429, L.R.A. 1916D 614]; *Lambert* v. *Brewster,* 97 W.Va. 124 [125 S.E. 244] and *Rogers* v. *Williard,* 144 Ark. 587 [223 S.W. 15, 11 A.L.R. 1115]. Each of those cases met all of the requirements of one or the other of the rules discussed above, that is, either physical injury followed the emotional distress or, the actor knew that severe emotional distress was substantially certain to be produced by

his conduct. They are all, therefore, distinguishable from the instant case on their facts.

 Appellant argues that the intent to cause her severe emotional distress or knowledge that such distress was substantially certain to be produced might be proved upon the trial. Her complaint failed to allege such facts and since she was granted leave to amend and failed to do so, we are limited on appeal to a determination of whether the complaint states a cause of action, not whether it might be amended to do so. (*Levinson* v. *Bank of America*, 126 Cal.App.2d 122, 125 [271 P.2d 632].)

Judgment affirmed.

Dooling, Acting P. J., and Draper, J., concurred.