[Civ. No. 47074. Second Dist., Div. Five. July 29, 1976.]

NORMA JEAN VESCOVO et al., Plaintiffs and Appellants, v.
NEW WAY ENTERPRISES, LTD., et al.,
Defendants and Respondents.

COUNSEL

Lawrence Parke Watkin and Robert N. Conrad for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

OPINION

**ASHBY, J.**—This is an appeal from a judgment of dismissal following the court's sustaining, without leave to amend, defendants' general

demurrer to the fifth, sixth, seventh, eighth, ninth, and tenth causes of action of the first amended complaint.

The factual allegations of the first amended complaint are as follows: Plaintiff Norma Jean Vescovo is the wife of plaintiff Albert Vescovo, and they are the parents of plaintiff Frankie Renee Vescovo, a minor, who was 14 years old at the time of defendants' alleged acts. Plaintiffs all resided together. Defendants are publishers and officers of the Los Angeles Free Press.

In the June 15, 1973, issue of the Los Angeles Free Press the following classified advertisement appeared, giving plaintiff's address:

> "Hot Lips—Deep Throat
> Sexy young bored housewife
> Norma—[plaintiffs' address]"

After the appearance of this advertisement, Norma received letters from inmates in penal institutions and numerous other persons soliciting her to perform lewd, immoral and criminal sexual acts; in excess of 100 persons wrongfully entered on plaintiffs' residential property without consent, both during the day and night, demanding to see Norma, creating disturbances, and using lewd, abusive and threatening language upon being asked to leave; in excess of 150 motor vehicles stopped in front of or cruised slowly by plaintiffs' residence, harassing, annoying and frightening plaintiffs.

Alleging that neither Norma nor anyone acting in her behalf requested, consented, or gave permission to defendants to publish the advertisement, plaintiffs set forth 10 alleged causes of action. The causes of action and the named plaintiff for each cause of action are as follows:

First Cause of Action—Norma—Libel.

Second Cause of Action—Norma—Invasion of privacy (holding Norma in false light).

Third Cause of Action—Norma—Invasion of privacy (intrusion on Norma's solitude).

Fourth Cause of Action—Albert—Invasion of privacy (intrusion on Albert's solitude).

Fifth Cause of Action—Frankie—Invasion of privacy (intrusion on Frankie's solitude).

Sixth Cause of Action—Frankie—Intentional infliction of emotional harm.

Seventh Cause of Action—Frankie—Negligent infliction of emotional harm.

Eighth, Ninth, and Tenth Causes of Action—Norma and Albert—Medical costs incurred for Frankie arising out of the fifth, sixth, and seventh causes of action.

The trial court overruled defendants' demurrers to the first four causes of action. It sustained without leave to amend defendants' demurrers to the fifth through tenth causes of action, and thereafter dismissed the action as to these causes. The court stated its grounds for this ruling as follows: ". . . No relational right of privacy as to Frankie, no duty owed to Frankie, per defendants' Memorandum of Points and Authorities. The Court treats the causes of action of Norma Jean and Albert on a different basis because of the legal unity of a husband and wife and the nature of the alleged invasion in this case."

■ The judgment finally determines the rights of Frankie, and is therefore appealable even though there is no final judgment as to the first four causes of action involving Norma and Albert. (*Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.,* 41 Cal.2d 785, 789 [264 P.2d 5, 41 A.L.R.2d 1037]; see *Johnson* v. *Hayes Cal Builders, Inc.,* 60 Cal.2d 572, 578 [35 Cal.Rptr. 618, 387 P.2d 394]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 42, p. 4057.)

ISSUES PRESENTED

The question on this appeal is whether the first amended complaint stated a valid cause of action on behalf of Frankie for invasion of privacy, intentional infliction of emotional harm, and negligent infliction of emotional harm. We hold that the complaint, although hardly a model of pleading, adequately alleges the three causes of action. Therefore we reverse.

No respondents' brief has been filed; however, defendants' lengthy memorandum of points and authorities in support of the demurrer is

contained in the record. In light of the trial court's specification of grounds for its ruling, we do not reach the factual issue of whether the *Free Press* is a "magazine" or a "newspaper" for purposes of Civil Code section 48a. (*Christopher* v. *American News Co.* (7th Cir. 1948) 171 F.2d 275, 281.) We also do not consider defendants' claim that the publication was privileged as based upon a written request accompanied by a money order with Norma's name and address. Such alleged fact does not appear on the face of the complaint and may not be considered for purposes of ruling on a general demurrer. (Code Civ. Proc., § 430.30.)

## INVASION OF PRIVACY

In the fifth cause of action it is alleged that "[a]s a direct and proximate result of the publication of said classified advertisement, plaintiff Frankie Renee Vescovo's right to privacy has been violated in that said plaintiff's physical solitude and home have been wrongfully invaded by innumerable undesirable and unsavory persons, who in responding to said malicious advertisement, have harassed, annoyed and frightened plaintiff Frankie Renee Vescovo, all of which have resulted in the disruption of said plaintiff's life and the peace and tranquility of her mind, and have made her subject to contempt and ridicule of her neighbors and friends, and who have invaded and impaired the seclusion of said plaintiff's private life and her said residence, and have caused and will continue to cause plaintiff Frankie Renee Vescovo injury to her mental health, strength, activity and body and have caused and will continue to cause said plaintiff great mental, physical and nervous pain and suffering, all to her general damage in the sum of $50,000.00."

Plaintiffs contend that the fifth cause of action adequately states a cause of action for that aspect of invasion of privacy involving intrusion on the plaintiff's physical solitude or seclusion. (4 Witkin, Summary of Cal. Law (8th ed. 1974), Torts, § 336, p. 2600; Prosser, Torts (4th ed. 1971); § 117, pp. 814-815.)

Defendants contend that there is no relational right to privacy, i.e., even a close relative may not recover for the invasion of privacy of another. (4 Witkin, *supra*, Torts, § 342; *Coverstone* v. *Davies*, 38 Cal.2d 315, 323 [239 P.2d 876]; *Kelly* v. *Johnson Publishing Co.*, 160 Cal.App.2d 718, 721 [325 P.2d 659]; *James* v. *Screen Gems, Inc.*, 174 Cal.App.2d 650, 653 [344 P.2d 799]; see also *Hendrickson* v. *California Newspapers, Inc.*, 48 Cal.App.3d 59, 62 [121 Cal.Rptr. 429]; *Metter* v. *Los Angeles Examiner*, 35 Cal.App.2d 304, 309 [95 P.2d 491].) In this respect

defendants' argument misses the mark. Frankie does not seek to recover based upon the derogatory information implied about Norma in the advertisement. Frankie seeks to recover for the physical intrusion by various unsavory characters on her own solitude in her own home. As stated by Prosser, "[P]laintiff's right is a personal one, which does not extend to members of his family, *unless, as is obviously possible, their own privacy is invaded along with his.*" (Prosser, Torts, *supra,* at pp. 814-815; italics added; fns. deleted.)

It is alleged in the first amended complaint that defendants published the advertisement "with intent and design to injure, disgrace and aggrieve plaintiff Frankie Renee Vescovo and disregarding the comfort of said plaintiff's life and the peace and tranquility of her mind, and to invade and impair the seclusion of said plaintiff's private life, . . ." Under the circumstances a cause of action for invasion of privacy was stated.

## INTENTIONAL INFLICTION OF EMOTIONAL HARM

In the sixth cause of action for intentional infliction of emotional harm, it is alleged that defendants published the advertisement "with intent and design to injure, disgrace and aggrieve and cause great mental distress and anguish to plaintiff Frankie Renee Vescovo . . . ." Plaintiffs contend this is an allegation of intentional conduct on defendants' part, and that no more is required at the pleading stage.

Defendants protest that notwithstanding the allegation of intent there is no direct allegation that they were even aware of Frankie's existence or should have recognized a danger of harm to Frankie from the conduct toward Norma. We agree that it would have been preferable for plaintiffs explicitly to allege that defendants knew or should have known of Frankie's existence and knew that defendants' conduct would cause emotional harm to her. (*Taylor* v. *Vallelunga,* 171 Cal.App.2d 107, 109 [339 P.2d 910].) However, it is alleged that *the act was done with the intent to cause such harm to Frankie.* No such allegation appeared in the *Taylor* case. (*Id.,* at pp. 109, 110.) This allegation renders the sixth cause of action sufficient at this stage. We are not concerned with whether plaintiffs will be able to prove defendants acted intentionally toward Frankie. (See *Maxwell* v. *City of Santa Rosa,* 53 Cal.2d 274, 280 [1 Cal.Rptr. 334, 347 P.2d 678]; *Shaw* v. *Metro-Goldwyn-Mayer, Inc.,* 37 Cal.App.3d 587, 602 [113 Cal.Rptr. 617].)

Defendants rely on the principle that in a libel case if the complaint shows a situation involving a qualified privilege, the plaintiff must allege specific facts showing malice in defeating the privilege, rather than relying upon conclusionary allegations. (*Locke* v. *Mitchell,* 7 Cal.2d 599, 602 [61 P.2d 922]; *Timperley* v. *Chase Collection Service,* 272 Cal.App.2d 697, 701 [77 Cal.Rptr. 782].) Defendants assume that since the publication was a classified advertisement it falls within the privilege for communications among interested parties. (Civ. Code, § 47, subd. 3.) However, the asserted fact that defendants received a written request for the advertisement, together with a money order containing Norma's name and address, is outside the complaint.

## NEGLIGENT INFLICTION OF EMOTIONAL HARM

In the seventh cause of action it is alleged that defendants "negligently, recklessly and carelessly" published the advertisement, and that as a proximate result of the negligence of defendants in publishing the advertisement numerous persons came to Frankie's home, harassing, annoying and frightening her and asking for Norma, with the further result that Frankie became terribly frightened and nervous and suffered great mental, physical and nervous pain. Defendants contend there is no allegation of a duty owed by defendants to Frankie, and no facts alleged which imply such a duty. Witkin states, "Although the legal conclusion that 'a duty' exists is neither necessary nor proper in a complaint, facts which cause it to arise (or from which it is 'inferred') are essential to the cause of action." (3 Witkin, Cal. Procedure (2d ed. 1971), Pleading, § 453, pp. 2108-2109.)

In this case the complaint shows that the advertisement in question involved a ". . . young . . . housewife," and gave what appeared to be her residence address. We think these facts in themselves reasonably suggest the possibility that a child would be present in the home. (Cf. *Dillon* v. *Legg,* 68 Cal.2d 728, 741 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316].) This factual situation would support a conclusion that defendants reasonably should have foreseen the possibility of emotional harm to the child which would result from conduct of the persons responding to the ad. While it would have been preferable for plaintiffs to allege that defendants knew or should have known of these possibilities, we must view the pleadings liberally with a view to substantial justice (Code Civ. Proc., § 452; *Cameron* v. *Wernick,* 251 Cal.App.2d 890, 892 [60 Cal.Rptr. 102]), and the complaint was sufficient under the circumstances. In any event, it is clear that plaintiffs could easily amend to add this allegation,

and thus the demurrer should not have been sustained without leave to amend.

The judgment of dismissal as to the fifth through tenth causes of action is reversed and the cause remanded for further proceedings consistent with this opinion.

Kaus, P. J., and Hastings, J., concurred.