Filed 7/15/13  Tong v. Cho CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SHONG-CHING TONG, | B241964 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC061950) |
| v. | |
| THOMAS CHO et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge.  Affirmed.

Stefan Robert Pancer for Plaintiff and Appellant.

Cole Pedroza, Curtis A. Cole and Cassidy C. Davenport for Defendant and Respondent Thomas Cho.

Lewis Brisbois Bisgaard & Smith, Judith M. Tishkoff and L. Susan Snipes for Defendant and Respondent Pomona Valley Hospital Medical Center.

Pollard Mavredakis Cranert Crawford & Stevens and James F.B. Sawyer for Defendant and Respondent Schaefer Ambulance Service.

_____

In this action for invasion of privacy and related causes, plaintiff and appellant Shong-Ching Tong (Tong) appeals from a judgment of dismissal entered on May 11, 2012, after the trial court sustained the demurrers of defendants and respondents Thomas Cho, M.D. (Cho), Pomona Valley Hospital Medical Center (Pomona Valley Hospital), and Schaefer Ambulance Services, Inc. (Schaeffer Ambulance), to the second amended complaint (SAC). Tong contends it was an abuse of discretion to sustain the demurrers, in that he sufficiently alleged causes of action for (1) violation of the right of privacy, (2) violation of civil rights under 42 United States Code, section 1983, and (3) unfair business practices in violation of Business and Professions Code section 17200. He further contends Cho is not immune from suit under Health and Safety Code section 103900. We affirm.

## PROCEDURAL BACKGROUND

### The Operative SAC

Tong alleged eight causes of action against Cho, Pomona Valley Hospital, and Schaefer Ambulance: (1) invasion of privacy; (2) violation of civil rights; (3) unfair business practice; (4) intentional tort; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) abuse of process; and (8) malicious prosecution against Cho and Pomona Valley Hospital only.[1] Tong alleged that on August 6, 2010, his car was run off of the 71 Expressway on a pile of loose tree branches. After telling Tong that a California Highway Patrol officer would wait at the scene for Tong's friend to tow the car to a repair shop, Schaefer Ambulance employees insisted on

---

[1] Tong was declared a vexatious litigant in 1993. The plaintiff in the complaint was William Tong, Tong's son, as Tong's assignee. On December 22, 2011, demurrers to the complaint filed by Cho and Pomona Valley Hospital were sustained with leave to amend seven of the complaint's nine causes of action. The court found William Tong lacked standing to sue. The complaint was amended and Tong was granted leave to substitute for William Tong as plaintiff, resulting in the SAC, which was filed on March 7, 2012.

2

transporting Tong to Pomona Valley Hospital for examination even though he had no medical symptoms. Schaefer failed to redact Tong's social security number from the Los Angeles County Fire Department Emergency Medical Services Report of the incident that it sent to Pomona Valley Hospital. Tong's car was towed without notice. After waiting in the emergency room for one and a half hours for a diagnosis, Tong signed a "Leaving Hospital Against Medical Advice" form on which he wrote, "I have to look for my car and get it back," and he left the hospital. Cho and Pomona Valley Hospital failed to redact Tong's social security number from the Confidential Morbidity Report, and Cho falsely stated in the report that Tong had "Syncopal/Seizure prior to arriving in ER – then eloped from ER – without notice." They sent the Confidential Morbidity Report to San Bernardino Public Health Epidemiology. The Department of Motor Vehicles suspended Tong's driver's license on September 13, 2010, but set aside the suspension on October 14, 2010.

## Demurrers to the SAC

Cho demurred to the SAC on the grounds of failure to state a cause of action and the prayer for damages improperly included a request for punitive damages. Pomona Valley Hospital joined Cho's demurrer to the SAC and, in addition, demurred on the ground that it was immune from liability. Schaefer demurred on the grounds the causes of action against it were unintelligible and failed to state facts sufficient to constitute a cause of action, and on the ground that the communications alleged were privileged.

On April 30, 2012, the trial court found Tong failed to state a cause of action against any defendant as to any cause of action, Cho had immunity for his conduct reporting Tong's name, and there was no indication the deficiencies in the SAC could be fixed. Accordingly, the court sustained the demurrers without leave to amend. On May 11, 2012, the court dismissed the SAC against defendants with prejudice.

3

**DISCUSSION**

Tong contends the trial court erred in sustaining the demurrers to the causes of action for invasion of privacy, violation of civil rights, and unfair business practice.**2** We disagree with the contentions.

"We review the [trial] court's demurrer rulings de novo (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415)." (*Henderson v. Newport-Mesa Unified School Dist.* (2013) 214 Cal.App.4th 478, 490.) "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff."**3** (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

---

**2** Having made no contention in the opening brief concerning dismissal of the causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process, malicious prosecution, and intentional tort, Tong has abandoned any contention concerning those causes of action. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) We disregard contentions concerning these causes of action that were made by Tong for the first time in the reply brief. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10; *People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1232; *Hawran v. Hixson* (2012) 209 Cal.App.4th 256, 268; *Holmes v. Petrovich Development Co., LLC* (2011) 191 Cal.App.4th 1047, 1064, fn. 2; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 660.)

**3** Tong made no showing in the trial court, and does not contend on appeal, that the defects in the SAC can be cured by amendment.

4

Tong's briefing is wholly deficient. Although he cited general points of law, he failed to construct a reasoned argument showing that each element of the causes of action is supported by specific factual allegations. (*People v. Ramirez* (2006) 39 Cal.4th 398, 441, fn. 8; *People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re J.M.* (2012) 206 Cal.App.4th 375, 381.) However, as rulings on demurrers are reviewed de novo, we will consider the contentions and not treat them as forfeited.

**The SAC Does Not State A Cause of Action for Invasion of Privacy**

"To state a claim for violation of the constitutional right of privacy, a party must establish (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest." (*Moreno v. Hanford Sentinel, Inc.* (2009) 172 Cal.App.4th 1125, 1129.) "'The disclosure of the private facts must be a public disclosure, and not a private one; there must be, in other words, publicity.' [Citation.] Except in cases of physical intrusion, the tort must be accompanied by publicity in the sense of communication to the public in general or to a large number of persons as distinguished from one individual or a few." (*Porten v. University of San Francisco* (1976) 64 Cal.App.3d 825, 828; accord, *Forsher v. Bugliosi* (1980) 26 Cal.3d 792, 808.) "Talking to selected individuals does not render private information public." (*Times-Mirror Co. v. Superior Court* (1988) 198 Cal.App.3d 1420, 1427.)

Health and Safety Code section 103900 provides: "(a) Every physician and surgeon shall report immediately to the local health officer in writing, the name, date of birth, and address of every patient at least 14 years of age or older whom the physician and surgeon has diagnosed as having a case of a disorder characterized by lapses of consciousness. . . . [¶] (b) The local health officer shall report in writing to the Department of Motor Vehicles the name, age, and address, of every person reported to it as a case of a disorder characterized by lapses of consciousness. [¶] (c) These reports shall

be for the information of the Department of Motor Vehicles in enforcing the Vehicle Code, and shall be kept confidential and used solely for the purpose of determining the eligibility of any person to operate a motor vehicle on the highways of this state. [¶] . . . [¶] (f) A physician and surgeon who reports a patient diagnosed as a case of a disorder characterized by lapses of consciousness pursuant to this section shall not be civilly or criminally liable to any patient for making any report required or authorized by this section."

Tong alleged his social security number was included in the Los Angeles County Fire Department Emergency Medical Services Report that Schaefer Ambulance sent to Pomona Valley Hospital, and his social security number and fainting episode were included in the Confidential Morbidity Report that Cho and Pomona Valley Hospital transmitted to San Bernardino Public Health Epidemiology. These are not allegations the information was publicly disclosed. Moreover, information about Tong's identity and diagnosis was required by law to be reported to the local health officer, the report is confidential, and making the report is a protected activity.[4] (Health & Saf. Code, § 103900.) The allegations do not state a claim for invasion of privacy.

**The SAC Does Not State A Cause of Action for Violation of Civil Rights**

Title 42 United States Code section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

---

[4] To the extent Tong contends the immunity provided in Health and Safety Code section 103900, subdivision (f) does not apply to Cho because Tong did not faint or receive a diagnosis and Cho and Pomona Valley Hospital committed fraud, we disagree with the contention. As Cho is a doctor who reported Tong's fainting episode to the local health authority pursuant to Health and Safety Code section 103900, he has immunity from civil liability pursuant to Health and Safety Code section 103900, subdivision (f).

"Section 1983 provides a cause of action against state actors who violate an individual's rights under federal law." (*Filarsky v. Delia* (2012) 132 S. Ct. 1657, 1660.) Section 1983 requires state action. (*Manta Management Corp. v. City of San Bernardino* (2008) 43 Cal.4th 400, 406.)

Tong alleged Cho's statements that Tong left the emergency room without notice and had a syncopal episode were false and Cho and Pomona Valley Hospital knew they were false. Tong alleged Schaefer Ambulance divulged his social security number in the Los Angeles County Fire Department Emergency Medical Services Report.

Neither these nor any other allegations of the SAC allege state action that violated Tong's rights under federal law. Accordingly, Tong failed to state a claim for violation of his civil rights under 42 United States Code section 1983.

**The SAC Does Not State A Cause of Action for Unfair Business Practice**

In the cause of action for unfair business practice, Tong stated that defendants' acts alleged in the SAC constitute an unfair business practice in violation of Business and Professions Code section 17200 et seq. "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." (Bus. & Prof. Code, § 17200.) As Tong makes no contention specifying any facts supporting this claim, and our review of the SAC reveals no facts, we conclude the trial court correctly sustained the demurrers to this cause of action without leave to amend.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to defendants and respondents.


KRIEGLER, J.


We concur:


TURNER, P. J.


O'NEILL, J.*

---

*       Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.