Filed 12/7/15  Brenner v. Peet-Thompson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LOIS BRENNER, | B261284 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC120771) |
| v. | |
| JANIE PEET-THOMPSON et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Lisa Hart Cole, Judge.  Affirmed.

Cohon & Pollak, Jeffrey M. Cohon, Kristina S. Keller for Plaintiff and Appellant.

Slaughter, Reagan & Cole, Barry J. Reagan, Gabriele M. Lashly for Defendants and Respondents.

_____

A condominium owner sued her homeowners' association and its directors for damage to her unit due to improper maintenance or repair of the common areas. The trial court dismissed the owner's breach of fiduciary duty claim against the directors, while allowing her to proceed with her claims against the association. We affirm.

## ALLEGATIONS

Lois Brenner is a member of the Belair Courtside Condominiums Owners' Association (the COA), a California nonprofit mutual benefit corporation. Under the Declaration of Covenants, Conditions & Restrictions (CC&Rs), the COA is responsible for the maintenance and repair of all common areas. The COA contracts with an outside company, Westcom, to manage its property and business affairs and help discharge the COA's duty to maintain the common areas.

The COA and Westcom failed to discharge their duties. Water infiltrated the improperly maintained or sealed roof and skylights; mold grew inside of walls; framing, drywall, insulation and ceilings developed dry rot, water damage, and fungal infections. These conditions led to airborne mold in Brenner's unit, a health nuisance. The COA failed to waterproof the garage and other subterranean areas, leading to water intrusion and deterioration. The COA's board of directors spent reserve funds for purposes other than the repair, restoration, replacement or maintenance of the common areas.

Brenner tried to resolve her dispute with the COA by requesting repairs to her unit and the common areas. The COA, through its board of directors, refused to repair the damage and disclaimed responsibility, in violation of the CC&Rs.

## PROCEDURAL HISTORY

Brenner filed suit against the COA, Westcom, and four individuals who served on the COA's board of directors: respondents Janie Peet-Thompson, Earl Feldhorn, Arlene Posen, and Nancy Koss.[1] Only one cause of action, for breach of fiduciary duty, is alleged against respondents.

---

[1]    Brenner indicates that the damage to her unit was the subject of a prior lawsuit, which settled. Defendants undertook repairs pursuant to the settlement agreement, but

2

On demurrer, the trial court allowed Brenner to proceed with her negligence claim against the COA and Westcom. As to the claim against respondents, the court sustained demurrers without leave to amend because respondents' "only involvement is as board members and it is the COA that owes the fiduciary duty to residents, not the individual board members." The court dismissed the complaint as to respondents and entered judgment in their favor. Brenner appeals.

## DISCUSSION

The judgment is a final adjudication of Brenner's claim against respondent directors. (Code Civ. Proc., § 579; *Johnson v. Hayes Cal Builders, Inc.* (1963) 60 Cal.2d 572, 578; *Vescovo v. New Way Enterprises, Ltd.* (1976) 60 Cal.App.3d 582, 586.) Appeal lies from a dismissal after demurrers are sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667; *Tanen v. Southwest Airlines Co.* (2010) 187 Cal.App.4th 1156, 1162.) Review is de novo, applying our independent judgment to determine if a cause of action has been stated. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.)

A homeowners' association is responsible for the management and maintenance of common areas, through its board of directors. (Civ. Code, § 4775; *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490, 496 (*Frances T.*).) Directors have "'wide latitude in their handling of corporate affairs because the hindsight of the judicial process is an imperfect device for evaluating business decisions [and] shareholders to a very real degree voluntarily undertake the risk of bad business judgment'" such that "'anyone who buys a unit in a common interest development with knowledge of its owners association's discretionary power accepts "the risk that the power may be used in a way that benefits

---

plaintiff claims that they used substandard materials and unqualified workers. Plaintiff may be foreclosed by principles of res judicata from relitigating matters that were the subject of the prior lawsuit.

3

the commonality but harms the individual.""" (*Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 259, 269 (*Lamden*).)

California follows "a rule of judicial deference to community association board decisionmaking that applies . . . when owners in common interest developments seek to litigate ordinary maintenance decisions entrusted to the discretion of their associations' boards of directors." (*Lamden*, *supra*, 21 Cal.4th at p. 253.) In *Lamden*, a homeowner sued for diminution in value and structural damage because the association refused to fumigate a termite infestation. (*Id.* at pp. 253-254.) The Supreme Court deferred to the association's decision to spot-treat, because using "secondary treatment" to address the infestation represented a good faith effort to further the purposes of the common interest development. (*Id.* at pp. 264-265.) The Court acknowledged that the Legislature codified the business judgment rule in the Corporations Code, "shielding individual directors" of nonprofit mutual benefit corporations from liability. (*Lamden*, at p. 259, fn. 6.)

A director must perform duties in good faith and "in a manner such director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." (Corp. Code, § 7231, subd. (a); *Finley v. Superior Court* (2000) 80 Cal.App.4th 1152, 1157.) A director is entitled to rely upon information or reports from those "believe[d] to be reliable and competent" and "within such person's professional or expert competence." (Corp. Code, § 7231, subd. (b).) A director who follows these rules "shall have no liability based upon any alleged failure to discharge the person's obligations as a director . . . ." (Corp. Code, § 7231, subd. (c).)

Corporations Code section 7231 establishes "'a presumption that directors' decisions are based on sound business judgment[, which] can be rebutted only by a factual showing of fraud, bad faith or gross overreaching.'" (*Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 123.) "[W]hile a condominium association may be liable for its negligence, a greater degree of fault is necessary to hold unpaid individual condominium board members liable for their

actions on behalf of condominium associations." (*Id.* at p. 121.)  A plaintiff must present "'affirmative allegations of fact which, if proven would establish fraud, bad faith, overreaching or an unreasonable failure to investigate material facts.'" (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1046.)  Conclusory allegations of improper motives are not sufficient, nor is it enough to generally allege a failure to conduct an investigation.  (*Id.* at p. 1045.)

Directors' liability must "stem[] from their own tortious conduct, not from their status as directors or officers of the enterprise." (*Frances T.*, *supra*, 42 Cal.3d at p. 503.)  Brenner specifically alleges that respondents were "acting in their respective capacities as members of the Board of Directors and as President of the Association" when they committed the alleged wrongdoing.  There is no claim made that respondents, as individuals, breached a common law duty "to refrain from conduct that imposes an unreasonable risk of injury on third parties." (*Id.* at p. 507.)  Unlike *Frances T.*, this is not a case in which a condominium project with "'exceedingly poor'" lighting was undergoing an "'exceptional crimewave'" such that the directors should have known that a homeowner might be raped and robbed in her unit.  (*Id.* at pp. 496-498.)

According to Brenner, as directors, respondents "have not fulfilled their duty to maintain and repair the common areas of the Belair Courtside and other areas under the Association's control, have not fulfilled their duties to repair damage to [Brenner's unit], to repair the damages caused by the Association's breach of its duty and repair and adequately maintain the common areas, and have used reserve funds for purposes other than the repair and maintenance of the Belair Courtside.  Defendants . . . have further breached their fiduciary duties by engaging in unlawful conduct which has prevented Plaintiff from procuring a mold clearance."  These acts show that respondents "did not exercise the care required of directors to properly maintain the Belair Courtside, did not promptly, fairly and faithfully remediate and repair [plaintiff's unit] when it was damaged as a result of the Association's failure to maintain the common areas and areas under its control, and have not acted as faithful stewards of the reserve funds belonging to the Association."

5

If, as here, a complaint alleges only that the bylaws and CC&Rs "delegated to the directors a general duty to conduct the affairs of the organization, including the control and management of its property," then plaintiff has not stated a cause of action. (*Frances T.*, *supra*, 42 Cal.3d at p. 506.) Brenner seeks "to litigate ordinary maintenance decisions entrusted to the discretion" of the COA's directors. (*Lamden*, *supra*, 21 Cal.4th at p. 253.) Respondents are shielded from liability because the presumption that their decisions were based on sound business judgment is not rebutted by facts showing fraud, bad faith or gross overreaching.

Plaintiff did not assert a negligence claim against respondents. Instead, she sued them for breach of fiduciary duty. Homeowners may sue the association for breach of fiduciary duty (*Cohen v. Kite Hill Community Assn.* (1983) 142 Cal.App.3d 642, 650-651, 652, 655) and the association may sue directors for breach of fiduciary duty (*Raven's Cove Townhomes, Inc. v. Knuppe Development Co.* (1981) 114 Cal.App.3d 783, 800-801). With respect to homeowners, however, directors must exercise reasonable care under Corporations Code section 7231. "The directors had no *fiduciary duty* to exercise their discretion one way or the other . . . so long as their conduct conformed to the standard set out in [Corporations Code] section 7231. Since a good faith mistake in business judgment does not breach the statutory standard," plaintiff failed to allege a cause of action for breach of fiduciary duty. (*Frances T.*, *supra*, 42 Cal.3d at p. 514.)

At oral argument, Brenner suggested that recently enacted Civil Code section 5800 alters case law governing the liability of directors. She is mistaken: the statute expressly disavows any legislative intent "to expand, or limit, the fiduciary duties owed by directors or officers." (Civ. Code, § 5800, subd. (f)(2).)

Plaintiff's complaint does not state a cause of action for breach of fiduciary duty against respondents, or, for that matter, a common law claim of negligence.[2] At best,

_____

[2] Even if plaintiff wanted to assert a negligence claim against respondents, she failed to obtain permission from the trial court before filing her complaint, as is required when someone wishes to make a claim "against a person serving without compensation as a director or officer of a nonprofit corporation . . . on account of any negligent act or

6

Brenner's claim is that the COA breached a duty owed to her to maintain the common area, which is, in fact, the claim that is proceeding in the trial court.

Leave to amend is "open on appeal" if there is a reasonable possibility that an amendment would cure any defects. (Code Civ. Proc., § 472c, subd. (a); *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The papers must spell out how an amendment can cure a defect or change the legal effect of the pleading. (*Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460, 1467-1468.)

Plaintiff requested leave to amend below, without offering any additional facts indicating how her pleading could survive demurrer. On appeal, plaintiff repeats that she should be allowed leave to amend, without offering any new facts. Plaintiff has not carried her burden of proving a reasonable possibility that an amendment would cure defects or change the legal effect of the complaint.

## DISPOSITION

The judgment is affirmed. As the prevailing parties on appeal, respondents may recover their costs from appellant by motion in the trial court.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

---

omission by that person within the scope of that person's duties as a director acting in the capacity of a board member . . . ." (Code Civ. Proc., § 425.15, subd. (a).)

7